No. 362. REEVES *v.* PACIFIC FAR EAST LINES, INC. Sup. Ct. Ore. Certiorari denied. *Marvin S. Nepom* for petitioner.

MR. JUSTICE BLACK, with whom MR. JUSTICE BRENNAN joins, dissenting.

I would grant certiorari and reverse. In its opinion below, the Oregon Supreme Court held that the existence of a causal link between a particular accident and a particular injury to a seaman is essentially a question for the medical witnesses and the judge and not for the jury. This holding is flatly contrary to the decision of this Court in *Sentilles* v. *Inter-Caribbean Shipping Corp.,* 361 U. S. 107 (1959). In *Sentilles* we reversed a federal court of appeals for doing exactly what the Oregon Supreme Court did here. *Sentilles,* like this case, was brought under the Jones Act, 41 Stat. 1007, 46

U. S. C. § 688, and involved the question of whether plaintiff's injuries were caused by the accident for which defendant was liable. The United States Court of Appeals for the Fifth Circuit held that the question of causation should not have been sent to the jury. This Court reversed. The majority opinion said that: "The members of the jury, not the medical witnesses, were sworn to make a legal determination of the question of causation," 361 U. S., at 109. This rule should also apply in a state court trying a Jones Act case. See *Rogers* v. *Missouri Pacific R. Co.*, 352 U. S. 500 (1957).

In light of these cases, it is clear to me that the Oregon Supreme Court was in error and that this Court should grant certiorari and hold that the trial court properly allowed the question of causation to go to the jury. On this record petitioner is plainly entitled to the $3,000 judgment awarded him by the jury, and this Court should reinstate that judgment.